UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BAKERY AND CONFECTIONARY UNION AND INDUSTRY INTERNATIONAL PENSION FUND, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>BEAR CLAW MANAGEMENT GROUP, INC., et al.<br><br>Defendants. | Case No. 4:14-cv-1130 SNLJ |

## MEMORANDUM AND ORDER

Plaintiffs are a Pension Fund and its trustees who filed this action to collect a sum of "withdrawal liability" under the Employee Retirement Income Security Act, 29 U.S.C. §§ 1001 et seq. ("ERISA"), from defendants Bear Claw Management Group, Inc. ("BCMG"), Bear Claw L.P. ("BCLP"), St. Louis Gooey L.P. ("SLGLP"), and Gooey Butter L.P. ("GBLP").

According to the complaint, on March 7, 2012, Haas Baking Company ("HBC") withdrew its participation from the plaintiff pension fund, which is a multiemployer pension fund. As a withdrawing employer, HBC incurred an obligation to pay "withdrawal liability" to the Pension Fund. "Withdrawal liability" is the liability incurred by an employer for certain employee benefits upon withdrawing participation from a

1

multiemployer pension plan.  *See* 29 U.S.C. § 1381.  To collect that sum of money, plaintiff Pension Fund filed suit in this Court, No. 4:13cv144 RWS, on January 23, 2013, and obtained a default judgment against HBC in the amount of $5,250,355.11 against HBC, the Joseph Haas Investment Company ("HIC"), and any other "trades or businesses under common control with HBC."

Then, on October 16, 2013, HBC and HIC filed for bankruptcy in the U.S. Bankruptcy Court for the Eastern District of Missouri.  Pursuant to 11 U.S.C. § 362(a), any collection actions by plaintiffs became subject to an automatic stay.

Plaintiffs filed the instant complaint in this Court on June 23, 2014 on the ground that, as "trades or businesses . . . under common control" with HBC within the meaning of 29 U.S.C. § 1301(b), each defendant was jointly and severally liable for the full amount of withdrawal liability owed to plaintiffs by HBC.

HBC then filed a complaint for declaratory judgment against plaintiffs, defendants, and HIC in the bankruptcy court, No. 13-494433-705, on August 8, 2014.  HBC claimed that plaintiffs' efforts to establish control group liability against BCMG, BCLP, SLGLP, and GPLP rendered those entities contingent creditors of HBC and HIC and that HBC was unable to proceed with its bankruptcy case until adjudication of the relative rights and liabilities between all of the parties had occurred.   Three days later, on August 11, defendants filed a Joint Motion to Stay Proceedings in Lieu of Answer in this case (#13).  Eight days after that, the Pension Fund filed a motion to withdraw the

2

reference from bankruptcy court of HBC's declaratory judgment action, arguing that HBC's adversary proceeding, although brought as part of the bankruptcy proceeding, was subject to mandatory referral to district court because the complaint is predicated on ERISA and federal tax law. *See* Case No. 4:14cv1439 JAR. Two days later, the United States Trustee in HBC's bankruptcy case filed a motion to dismiss the bankruptcy proceedings; the Pension Fund joined that motion.

Matters relating to the withdrawal liability of HBC and/or entities allegedly related to HBC are thus pending between four judges: Judge Rendlen in the Bankruptcy Court (No. 13-494433), Judge Sippel in the District Court (No. 4:13cv144)[1], Judge Ross in the District Court (No. 4:14cv1439), and the present matter before the undersigned. A hearing on the motion to dismiss in Bankruptcy Court was to be held on November 19, 2014. That hearing was continued to December 10, and the audio recording of the hearing was posted to the Bankruptcy Court's docket sheet (#48).

According to the audio recording of the hearing, the parties had come to the following agreement: HBC agreed to dismiss the declaratory judgment, the defendants here agreed to withdraw the motion to stay, and the Pension Fund agreed to withdraw the motion to dismiss. The parties expressed a desire to continue with mediation in the case before "Judge Sippel," however, in light of the plan to withdraw the motion to stay in this

---

[1] The matter before Judge Sippel is closed; however, it appears that proceedings regarding collection of the judgment were underway when the matter was stayed.

case, this Court presumes the parties intend to continue litigating this matter, No. 4:14cv1130.

The defendants in this matter never filed a reply brief in support of their motion to stay, nor have they withdrawn the motion to stay as was indicated at the December 10 hearing. Because it appears that the parties intend for this case to proceed, this Court will order the parties to file a joint status report setting forth the parties' intentions for this matter in light of the other three ongoing cases.

Accordingly,

**IT IS HEREBY ORDERED** that parties shall file a joint status report no later than February 13, 2015.

Dated this __30th__ day of January, 2015.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE